UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLARENCE GIBSON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-7269** |
| **WARDEN E. DUSTIN BICKHAM** | * | **SECTION L(1)** |

### ORDER AND REASONS

Before the Court is a Motion for Leave filed by *pro se* Plaintiff Clarence Gibson. R. Doc. Considering the record and the applicable law, the Court now rules as follows.

On February 12, 2009, Mr. Gibson was convicted of sexual battery against a minor in a Louisiana state criminal court. R. Doc. 53-1 at 24, 59, and 392. Thereafter, he was sentenced to twenty-five years' imprisonment without benefit of parole, probation, or suspension of sentence. *Id*. at 74 and 405-06. On March 9, 2010, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence. *Id*. at 727-43; *State v. Gibson*, 09-486 (La. App. 5 Cir. 3/9/10), 38 So. 3d 373, 374. The Louisiana Supreme Court subsequently denied his related writ application on November 5, 2010. *Id*. at 832; *State v. Gibson*, 2010-0802 (La. 11/5/10), 50 So. 3d 814. Mr. Gibson did not submit a petition for certiorari to the United States Supreme Court. R. Doc. 34 at 3.

On May 2, 2011, Mr. Gibson, through counsel, filed an application for post-conviction relief with the state district court. R. Doc. 53-1 at 839-53. That application was denied on June 15, 2011. *Id.* at 859-60. Mr. Gibson's related writ application was then denied by the Louisiana Fifth Circuit Court of Appeal on July 29, 2011. R. Doc. 53-2 at 956-64; *State v. Gibson*, No. 11-KH-714 (La. App. 5th Cir. July 29, 2011). Mr. Gibson did not seek further review by the Louisiana Supreme Court.

On June 13, 2023, Mr. Gibson began seeking federal habeas corpus relief by filing an

1

application with the United States District Court for the Western District of Louisiana. R. Doc. 1. This matter was transferred to the Eastern District of Louisiana in December of 2023. R. Doc. 25; *Gibson v. Bickham*, Civ. Action No. 5:23-CV-0086, 2023 WL 8607017 (W.D. La. Dec. 8, 2023). Not long after that, Magistrate Judge Janis van Meerveld recommended that Mr. Gibson's federal application for habeas corpus be dismissed with prejudice as his application was "untimely by more than eleven years." R. Doc. 59 at 14. This Court approved Judge van Meerveld's Report and Recommendation and dismissed Mr. Gibson's claim with prejudice pursuant to 28 U.S.C. § 2254. R. Doc. 63. On June 18, 2024, Mr. Gibson filed a Notice of Appeal. R. Doc. 66. This Court refused to issue a certificate of appealability, and the Fifth Circuit Court of Appeals dismissed the appeal for want of prosecution. R. Docs. 69; 70.

Despite dismissal of the case, Mr. Gibson has now filed what appears to be a successive habeas corpus petition, in which he seeks to challenge Louisiana's recent state law allowing for the surgical castration of certain sex offenders. R. Doc. 72. The Court finds, however, that his petition is procedurally improper at this stage in the proceedings. According to 28 U.S.C. § 2244 (3)(A), Mr. Gibson must first seek an order from the Fifth Circuit that permits the district court to review his successive habeas corpus petition. Only then may this Court consider the requested relief on the merits. Here, the record indicates that Mr. Gibson has not complied with this important procedural requirement, which mandates dismissal of his case.

Moreover, the Court notes the Louisiana statute that Mr. Gibson has purportedly taken issue with, La. R.S. § 14:43.7, cannot provide him a viable cause of action. Indeed, the statute indicates that surgical castration is to be made available as a sentencing option only for defendants convicted of sexual abuse offenses involving victims under the age of thirteen "on or after August 1, 2024." As such, the Court cannot construe the plain language of La. R.S. § 14:43.7 to mean that

2

it operates retroactively as to encompass Mr. Gibson's sex abuse conviction. It is the Court's understanding that he was convicted on February 12, 2009—well before the statute became effective. R. Doc. 53-1 at 24, 59, and 392. Therefore, it is highly unlikely that La. R.S. § 14:43.7 would even apply to Mr. Gibson, meaning he would not be at risk of a state-issued castration.

Accordingly;

**IT IS HEREBY ORDERED** that Mr. Gibson's motion, R. Doc. 72, is **DENIED**. The Court will not disturb its prior judgment holding that this matter is **DISMISSED** with prejudice.

New Orleans, Louisiana, this 30th day of June, 2025.

_____
United States District Judge

cc: Mr. Clarence Gibson
Dixon Correctional Institute
Dorm G – Bed 10
P.O. Box 788
Jackson, LA 70748